IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GERALD L. HURST, ) | |
|     Petitioner, ) | Civil Action No. 7:13cv00336 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| C. ZYCH, WARDEN, ) | By: Norman K. Moon |
|     Respondent. ) | United States District Judge |

Petitioner, Gerald L. Hurst, a federal inmate housed at USP Lee, Virginia, proceeding *pro se*, filed this petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging a disciplinary infraction which resulted in, *inter alia*, loss of twenty-seven days of Good Conduct Time ("GCT"). The United States has moved for summary judgment and Hurst has responded thereto, making this matter ripe for disposition. For the reasons stated, I will grant the government's motion for summary judgment.

I.

On September 1, 2011, Hurst was charged with a disciplinary infraction for fighting with his cellmate. According to the Incident Report, the two inmates were alone in their cell at the time of the incident and medical assessment indicated that both inmates sustained injuries which were consistent with being involved in a fight. In addition, the Incident Report states that staff reported that they heard banging coming from the cell and observed Hurst and the other inmate standing on opposite sides of the cell with blood on the floor and toilet. Staff also indicated that both inmates initially refused to submit to hand restraints when ordered. Hurst was charged with violating Code 224, "Less Serious Assault," and Code 307, "Refusing an Order."

A copy of the Incident Report was delivered to Hurst on September 1, 2011 and Hurst was advised of his rights by the investigating lieutenant. Hurst told the investigator that he "wasn't fighting."

A Unit Discipline Committee ("UDC") Hearing was held on September 2, 2011 and Hurst provided a statement at the hearing, indicating that he "slipped in [the] corner of [the] cell." The UDC referred the charges to the Disciplinary Hearing Officer ("DHO") for further hearing and recommended 27 days loss of GCT, 90 days of disciplinary segregation ("DS"), 120 days loss of visiting, telephone, commissary, and TRULINCS[1] privileges, if Hurst was found to have committed the charges.

On September 2, 2011, Hurst was provided a "Notice of Discipline Hearing Before the DHO" form which advised Hurst that his charges had been referred to the DHO and gave him the opportunity to request a staff representative and any witnesses. Hurst requested Lt. Curl as a staff representative but did not request any witnesses. Hurst was also notified of the rights he would have at the disciplinary hearing.

A disciplinary hearing was held on September 12, 2011. Hurst was advised that his requested staff representative either declined or was unable to appear and Hurst was given the opportunity to postpone the hearing to allow him to obtain another staff representative. Hurst opted to proceed at his hearing without a staff representative.

At the hearing, Hurst denied the charges and stated that he "never fought." In addition to Hurst's statement and the Incident Report, the DHO considered the Special Investigative Service ("SIS") investigation, memorandums written by three staff members, and the Inmate Injury Reports. Based on the evidence, the DHO found that Hurst committed the "prohibited act [of

---

[1] The Trust Fund Limited Inmate Communication System (TRULINCS) allows inmates to send electronic messages to persons in the community.

Code] 299 most like [Code] 201," "Conduct Which Disrupts or Interferes with the Security or Orderly Running of the Institution or the Bureau of Prisons", most like "Fighting With Another Person." The DHO sanctioned Hurst with 30 days of DS, 27 days loss of GCT, and 180 days loss of visiting and commissary privileges.

On September 15, 2011, Hurst was advised of the DHO's findings, the specific evidence relied upon, the action and the reasons for the action, and his right to appeal the disciplinary action within twenty calendar days. Hurst appealed to the Regional and Central Office levels, and the disciplinary action was upheld.

Hurst filed the instant habeas petition arguing that the evidence was insufficient to support the DHO's finding. Hurst seeks expungement of the disciplinary action from his record and restoration of the 27 days of GCT.

## II.

Federal Rule of Civil Procedure 56(a) provides that a court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "As to materiality . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In order to preclude summary judgment, the dispute about a material fact must be "'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.; see also JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). However, if the evidence of a genuine issue of material fact "is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 250. In considering a motion for summary judgment under Rule 56, a court must view the record as a

whole and draw all reasonable inferences in the light most favorable to the nonmoving party. *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986); *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994).

A court must grant a motion for summary judgment if, after adequate time for discovery, the nonmoving party fails to make a showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. The nonmoving party cannot defeat a properly supported motion for summary judgment with mere conjecture and speculation. *Glover v. Oppleman*, 178 F. Supp. 2d 622, 631 (W.D. Va. 2001) ("Mere speculation by the non-movant cannot create a genuine issue of material fact."). The trial judge has an "affirmative obligation" to "prevent 'factually unsupported claims and defenses' from proceeding to trial." *Id.* (quoting *Celotex*, 477 U.S. at 317).

### III.

Hurst alleges that he did not commit the violation he was found guilty of and argues that there was insufficient evidence to support the DHO's finding. I find that there is some evidence in the record to support the DHO's finding and, therefore, will grant respondent's motion for summary judgment.

When an inmate challenges the sufficiency of the evidence underlying a revocation of GCT, due process requirements are met when "the findings of the prison disciplinary board are supported by some evidence in the record." *Superintendent, Mass. Corr. Inst.,Walpole v. Hill*, 472 U.S. 445, 454 (1985). The "some evidence" standard is a lenient one, requiring no more than a "modicum of evidence," and is met if there is any evidence in the record that could support the decision. *Id.* at 455-56. This standard requires "only that the decision not be

4

arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Ascertaining whether the standard has been satisfied, "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, at 455-56. "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Id.* at 457.

In this case, the DHO considered Hurst's statement, the Incident Report, the SIS investigation, the reports by staff members, and the Inmate Injury Reports. I find that there is "some evidence" in the record to support the DHO's finding and, therefore, I will grant respondent's motion for summary judgment.

**ENTER:** This 31st day of July, 2014.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE